IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

TERRANCE DALE WORTH                                                 PLAINTIFF

v.                                Civil No. 1:20-cv-1061

CAPTAIN RICHARD MITCHAM, et al.                           DEFENDANTS

**ORDER**

This is a civil rights action filed pursuant to 42 U.S.C. § 1983. Currently before the Court is Plaintiff's failure to obey a Court Order and to prosecute this action.

On October 29, 2021, the Court directed Plaintiff to respond to Separate Defendant Dr. Deanna Hopson's Motion to Dismiss (ECF No. 22) by November 22, 2021. (ECF No. 24). Plaintiff was further advised that "failure to timely and properly comply with this Order shall result in the dismissal of this action, without prejudice, pursuant to Local Rule 5.5(c)(2)." (ECF No. 24). Plaintiff did not respond to Separate Defendant's motion.

On November 9, 2021, mail addressed to Plaintiff was returned to the Court as undeliverable. (ECF No. 25). The mail was further stamped by the Union County Sheriff's Department: "Return to Sender Reason: No longer here." (ECF No. 25). Mail addressed to Plaintiff was again returned to the Court on November 10, 2021, as undeliverable. (ECF No. 26). Again, the mail was stamped by the Union County Sheriff's Department: "Return to Sender Reason: No longer here." ECF No. 26.

Because the Union County Sheriff's notations on the returned pieces of mail indicated that Plaintiff had likely been transferred to the Arkansas Department of Corrections ("ADC"), the Court searched and found an address for Plaintiff in the North Central Unit of the ADC. The

Court directed that Plaintiff's address be changed to his ADC address and extended Plaintiff's time to respond to the Motion to Dismiss to December 13, 2021.   (ECF No. 27).

Plaintiff again did not respond to the Motion to Dismiss.   An Order to Show Cause was entered on December 20, 2021, directing Plaintiff to show cause by January 10, 2022, why this action should not be dismissed for failure to obey an order of the Court.   (ECF No. 28).   The Order also stated that "[f]ailure to respond to this Order **shall** result in the dismissal of this action." (ECF No. 28).   Plaintiff has not responded to the Order to Show Cause.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law.   *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).   The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.   Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Plaintiff has failed to comply with a Court Order and has failed to prosecute this action. Therefore, pursuant to Local Rule 5.5(c)(2), the Court finds that this case should be dismissed.

Accordingly, Plaintiff's Amended Complaint (ECF No. 10) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 26th day of January, 2022.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge

2